

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

~~JXXXXXXXXXXXXXXXX~~RD
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

June 2, 1939

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

> Opinion No. O-747
> Re:  Incorporation of American Legion
> Corporations.

We are in receipt of your letter of May 3, 1939, in which you request an opinion from this department upon the following questions:

"The typical purpose clause of applica-tions for charter for the American Legion cor-porations reads as follows:

"'It shall have all the rights powers and privileges granted to and conferred upon corporations by provision of Subdiv-ision 2, Article 1302, Chapter 1, Title 32, of the Revised Civil Statutes of the State of Texas, which reads in haec verba:

"''The support of any benevolent, charitable, educational or missionary un-dertaking' and particularly including the following:

"''(a) To preserve and strengthen com-radeship among its members; to perpetu-ate the memory and history of our dead; to support and maintain education in the moral, intellectual and physical de-velopment of those who served in, or who may serve in, the Army, Navy, Marine Corps or Coast Guards of the United States of America, in any foreign war, insurrection or expedition, which ser-vice shall be governed by the issuance of a campaign badge by the Government of the United States of America; and to maintain true allegiance to the Govern-

ment of the United States of America, and fidelity to its Constitution and Laws; to foster true patriotism; and to maintain and extend the institution of American freedom:

"''(b) To act as a charitable and benevolent organization for the purpose of promoting the welfare, alleviating the suffering, and assisting and aiding those who have served, or may serve, with the military forces of the United States of America in foreign lands, their widows, orphans and dependants and relations.''

"This department requests that you answer the following questions:

"1. In such corporation, with purpose as outlined above, authorized to incorporate under subdivision 2 of article 1302?

"2. Are our fees for filing a charter containing the same or imilar purpose clauses $10.00 or $50.00?

"3. Is such a corporation entitled to be exempt from the payment of franchise tax under the provisions of article 7094?"

The purposes for which corporations may be formed in the state of Texas are enumerated in Article 1302, Vernon's Annotated Civil Statutes.

Section 2 of said article reads as follows:

"The support of any benevolent, charitable, educational or missionary undertaking."

The first question is whether or not section 2 is statutory authority for the incorporation of American Legion corporations whose typical purpose clause is set forth in your letter of request quoted at the outset of this opinion.

We do not think there is any doubt that such objective as the following fall within the category of "educational" purposes:

" *** to perpetuate the memory and history of our dead; * * * "

" * * * to support and maintain education in the moral, intellectual and physical development of those who served in, or who may serve in, the Army, Navy, Marine Corps or Coast Guards of the United States of America, in any foreign war, insurrection or expedition, which service shall be governed by the issuance of a campaign badge by the Government of the United States of America; * * * "

" * * *and to maintain true allegiance to the Government of the United States of America, and fidelity to its Constitution and Laws; to foster true patriotism; and to maintain and extend the institution of America freedom: * * *",,

Furthermore, the following aim of an American Legion Corporation is undoubtedly "charitable":

" * * * To act as a charitable and benevolent organization for the purpose of promoting the welfare, alleviating the suffering, and assisting and aiding those who have served, or may serve, with the military forces of the United States of America in foreign lands, their widows, orphans and dependants and relations.
* * * "

It is not placing a strained construction upon the following purpose clauses to hold that they are "benevolent" in their nature:

" * * * To preserve and strengthen comradeship among its members; * * * "

and, of course:

" * * * To act as a charitable and benevolent organization for the purpose of promoting the welfare, alleviating the suffering, and assisting and aiding those who have served, or may serve, with the military forces of the United States of America in foreign lands, their widows, orphans and dependants and relations.
* * * "

Thus, an analysis of the typical purpose clause of an American Legion Corporation reveals that the manifold objectives are each and every one within the purview of Section 2 of Article 1302, Vernon's Annotated Civil Statutes.

We wish to cite one Supreme Court of Texas authority in this matter. We feel that the case of Conley, et al v. Daughters of the Republic (1913) 156 SW 197 (Supreme Court of Texas, Brown, C.J., delivering the opinion) is very much in point in its elucidation of the phrase "educational undertaking" used in Section 2 of article 1302, Vernon's Annotated Civil Statutes.

In the case of Conley v. Daughters of the Republic, the Daughters of the Republic of Texas which was organized as a corporation for the declared purpose of perpetuating the memory and spirit of the men who achieved Texas' Independence, and to encourage historical research into the early history of Texas, and promote the celebration of Independence Day of the Texas Republic, and erect monuments upon places made historic in the war for Texas Independence, was held a corporation organized for "educational" purposes within the second subdivision of Article 1121, Revised Statutes, which wording is identical with that of Section 2 of Article 1302, Vernon's Annotated Civil Statutes. The court held that "education" in a statutory sense meant not merely instruction received at school, but the whole course of training, both moral, intellectual, and physical. The following explanation of the term "educational" by the Supreme Court is governing in the present instance.

"The Attorney General asserts that the corporation was not lawfully created under the statute of this state, because the law does not authorize the creation of such corporation for the purposes named in its charter. The second subdivision of article 1121, Revised Statutes, reads: 'The purposes for which private corporations may be formed are: * * * (2) The support of any benevolent, charitable, educational or missionary undertaking.' The purpose of this corporation is clearly 'educational.' Whatever educates is within the meaning of 'educational undertaking.' Education in the sense as used in the statute includes: ''In its broadest sense, * * * not merely the instruction received at school or college, but the whole course of training, moral, intellectual and physical; is not

limited to the ordinary instruction of the child
in the pursuits of literature.  It comprehends
a proper attention to the moral and religious
sentiments of the child.  And it is sometimes
used as synonymous with 'learning'.'' 14 Cyc.
p. 1230.  <u>The sentiment of regard for the mem-
ory of those who gave their lives for the bless-
ings of this great state stimulates patriotism,
and is in the highest sense educational</u>.  The
facts to be preserved furnish the means of the
best education for the young men and women of
this state.  <u>The purpose is laudable in its in-
fluence upon the present generation; it is
laudable, educational, and benevolent for the
future citizens</u>.  This question is asked:
'Should a state commit its interests to corpor-
ations?'  This court has naught to do with the
policy of the state on that question.  All liti-
gants 'look alike' here.  However, we will say
that this is not such a soulless corporation
as needs to have a watch upon its actions.  The
heart, the soul, and spirit of patriotism are
the capital employed by those women which would
not detract from the authority and power of the
state.  On the contrary, those ladies, with no
hope of gain to themselves, undertook to sub-
stitute for the state's fund, which would have
been created by taxation, the voluntary offer-
ings of the people - a tribute of patriotism,
sanctified by love for the state, and reverence
for the memory of her heroic dead.  Can there
be danger from such a corporation?  We think
not."  (Underscoring ours).

It is our opinion, in answer to your first question,
that American Legion Corporations, with the typical purpose
clause set forth in the letter of request, derive and possess
the necessary authority to incorporate under Subdivision 2 of
Article 1302, Vernon's Annotated Civil Statutes, which reads:

"The support of any benevolent, charitable,
educational or missionary undertaking."

Your second question asked whether the fees of the
Secretary of State for filing a charter containing the same
or similar purpose clauses to that quoted in your letter of
request are $10.00 or $50.00.

Article 3914, Vernon's Annotated Civil Statutes,
prescribing fees of the Secretary of State, provides, in part
as follows:

"Upon filing each charter, amendment, or
supplement thereto of a corporation for the
support of public worship, any benevolent, char-
itable, educational, missionary, literary or
scientific undertaking, the maintenance of a
library, the promotion of public cemetery not
for profit and the encouragement of agriculture
and horticulture, to aid its members in produc-
ing and marketing agricultural products, or for
acquiring, raising, breeding, fattening or mar-
keting live stock, a filing fee of Ten ($10.00)
Dollars, and for filing the semi-annual finan-
cial statement of such agricultural products
or live stock corporation, Ten ($10.00) Dollars,
which shall include the annual license fee."

Since we have held that an American Legion Corpo-
ration with the purpose clause as set forth in your letter of
request, may be incorporated under Section 2 of Article 1302,
as within the purview of "any benevolent, charitable, edu-
cational or missionary undertaking", it follows that in answer
to your second question the fee of the Secretary of State for
the filing of the charter of such corporations would be $10.00,
as prescribed in the second § article 3914, above quoted. See
"opinions of Attorney General, biennial report, 1914-1916,
p. 471." In this opinion it was held that a corporation, the
purpose of which is stated to be the accumulation and loan of
money to young men to defray their expenses while studying
for the christian ministry and to young women to defray their
expenses while studying to be christian missionaries, where
such corporation is organized for charitable purposes and not
for profit, may be incorporated under subdivision 2 of article
1121, Revised Civil Statutes; and that the fees for filing
the charter of such corporation is $10.00; and finally that
such corporation is not subject to a franchise tax. Articles
1121, 3838 and 7403, Revised Statutes, 1911, were considered.

The third question asked in your letter of request
is whether or not such a corporation incorporated with a pur-
pose clause, such as that quoted in the letter of request, is
entitled to be exempt from the payment of a franchise tax under
the provisions of article 7094, Revised Civil Statutes, 1925.

Article 7094, Revised Civil Statutes, 1925, reads
as follows:

"Corporations exempt.- The franchise tax im-
posed by this chapter shall not apply to any insur-
ance company, surety, guaranty or fidelity company,
or any transportation company, or any sleeping,

palace car and dining car company which is now required to pay an annual tax measured by their gross receipts, or to corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town, or to corporations organized for the purpose of religious worship, or for providing places of burial not for private profit, or corporations organized for the purpose of holding agricultural fairs and encouraging agricultural pursuits, or for strictly educational purposes, or for purely public charity."

Under this statute corporations organized "for strictly educational purposes, or for purely public charity" are exempt from the payment of a franchise tax. The corporations under consideration are formed for educational and charitable purposes. It is our opinion that the American Legion corporations with purpose clause set forth in your letter are brought within the exemption, and are excused from payment of the franchise tax under the provisions of article 7094. It was within legislative contemplation that just such American Legion Corporations be exempted, since they are to a high degree of a benevolent, charitable, educational and patriotic nature. See opinions of Attorney General, biennial report, 1914-1916, p. 471, supra.

It is, of course, recognized that corporations organized under Section 2 of Article 1302 have no capital stock and are non-profit legal entities.

Trusting that the above fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

DS:omb:eac

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS.

By      /s/  Dick Stout
             Dick Stout
             Assistant

APPROVED
OPINION
COMMITTEE
BY /s/ H.Q.B.
CHAIRMAN